Tami Mae Bronnenberg, Pro-se
P.O. Box 802
Cody, Wyoming 82414
(307) 899-2150



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JAN 30 AM 11:06

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TAMI MAE BRONNENBERG<br><br>                      Plaintiff,<br><br>v.<br><br>Beau J. Eggar, Arresting Officer; William K. Struemke, Attorney; Sara L. Struemke, Secretary; Servicm Legal Services, LLC; Marlin D. Richardson, DC; Big Horn Basin Chiropractic; City of Cody; Park County Detention Center; Board of County Commissioners of the County of Park.<br><br>                      Defendants. | CASE NO.<br><br>19-CV-21-S<br><br><br><br><br>1983 CIVIL RIGHT<br>COMPLAINT PURSUANT<br>TO 42 USCS §1983 |

A. JURISDICTION.

1)    Plaintiff, Tami M. Bronnenberg, is a citizen of Wyoming and the United States of America who presently resides at 938 19th Street, Lower Ave., Space 23, Cody, Wyoming 82414.

2)    Defendant, Beau J. Eggar, the arresting Officer is a citizen of United States of America who presently resides 4225 Road 2da, Cody, Wyoming 82414-9209. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

1

3) Defendant, William K. Struemke, Attorney, is a citizen of United States of America who presently resides at 2906 Marlisa Ln., Cody, Wyoming 82414-6708. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

4) Defendant, Sara L. Struemke, Secretary, is a citizen of United States of America who presently resides at 2906 Marlisa Ln., Cody, Wyoming 82414-6708. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

5) Defendant, Servicm Legal Services, LLC, is a Wyoming Law Corporation at 1302 Beck Ave., Cody, Wyoming 82414. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

6) Defendant, Marlin D. Richardson, DC, is a citizen of United States of America who presently resides 11 Beacon Dr., Cody, Wyoming 82414. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

7) Defendant, Big Horn Basin Chiropractic is a Wyoming Medical Corporation at 1620 Beck Ave., Cody, Wyoming 82414. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

8) Defendant, City of Cody, P.O. Box 2200, Cody, Wyoming 82414 is a municipality in Park County. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

9) Defendant, Park County Detention Center, is a law enforcement center, 1402 River View Drive, Cody, Wyoming 82414. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally, City and County Officially.

10) Defendant, Board of County Commissioners of the County of Park, 1002 Sheridan Ave., Cody, Wyoming 82414. At the time the claim alleged in this complaint arose this defendant was acting willful and wanton misconduct under color of state law. Sued Individually, Personally and County Officially.

11) Jurisdiction is invoked pursuant to 28 USCS §1343 (3); 42 USCS §1983; 42 USCS §1985 (2, 3); Civil Rights Act 1871; 28 USCS §2201; 28 USCS 2202; Federal Rules of Civil Procedure, Rules 38, 65; 28 USCS §1651; 42 USCS §1988; 18 U.S.C.S. §1201 (a).

B. NATURE OF THE CASE

On January 31, 2017, at approximately 1699-1627, 16th & Bleistein Ave., Street, Cody, Wyoming, Tami M. Bronnenberg kept telling the defendant, arresting officer Beau J. Edger that the warrant he was relying on, issued January 9, 2017 in this matter, was vacated. Tami M. Bronnenberg tried to show him the court order vacating the warrant. Officer Beau J. Edger would not listen to the plaintiff or (look at the Order) Officer Beau J. Edger then arrested plaintiff, placed plaintiff in his patrol car, drove plaintiff to the

3

Park County Detention Center, 1402 River View Drive, booked plaintiff in at 10:19:40. Then released plaintiff after they were informed that the next stop with the court order would be the Park County Prosecuting Attorney's Office at 11:10:58. I, Tami M. Bronnenberg believe William K. Struemke, Attorney; Sara L. Struemke, Secretary; Servicm Legal Services, LLC representing Marlin D. Richardson, DC; Big Horn Basin Chiropractic; City of Cody; Park County Detention Center; Park County Commissioners are equally responsible for Kidnapping, False Arrest and False Imprisonment, Conspiracy of Kidnapping and Conspiracy of Civil Rights.

### C. CAUSE OF ACTION

1) Plaintiff, Tami M. Bronnenberg, alleges that the following of her constitutional rights, privileges or immunities have been violated and that the following facts form the basis for her allegations:

a) Count I: Defendants denied plaintiff, Tami M. Bronnenberg, the United States Constitution, Amendment 4; Wyoming Constitution, Art., 1 Section 4; Federal Rules of Criminal Procedure, Rules 4. (a); Wyoming Rules of Criminal Procedure, Rule 4; Equal Protection Clause and the Due Process Clause secured by the <u>United States Constitution, Amendment 14</u> and the <u>Wyoming Constitution, Article 1, §§2,3, 6; Article 6, §1</u>.

i) Supporting facts:

Defendants are guilty of kidnapping if he unlawfully removes another from his place of residence or business or from the vicinity where he was at the time of the removal, or if he unlawfully confines another person, with the intent to: Hold for ransom ***. W.S. § 6-2-201 (a), (i); *** or to terrorize the victim ***. W.S. § 6-2-201 (a), (iii)

4

There is no durational requirement for the period of confinement for the purpose of this section, *** . Doud v. State, 845 P.2d 402 (Wyo. 1993); 18 U.S.C.S. §1201 (a). A person is guilty of false imprisonment if he knowingly and unlawfully restrains another so as to interfere substantially with his liberty. W.S. §6-2-203 (a).

Defendants denied plaintiff's right to the United States Constitution, Amendment 4, Security From Unwarrantable Search And Seizure. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."; This provision binds the state and its officers, including local police. See, Wolf v. Colorado, 338 U.S. 25, 69 S. Ct. 1359, 93 L. Ed. 1782 (1949).

Wyoming Constitution, Art., 1 Section 4. Security against searches and seizure. "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause, supported by affidavit, particularly describing the place to be searched or the person or thing to be seized."; Federal Rules of Criminal Procedure, Rules 4. (a) Issuance. Arrest Warrant or Summons upon Complaint. "If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant had committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it. *** .";

Wyoming Rules of Criminal Procedure, Rule 4. Warrant or Summons upon information. (a) Issuance. "If it appears from a verified information, or from an affidavit or affidavits filed with the information, that there is probable cause to believe that an offense has been committed and that the defendant had committed it, a summons shall issue requiring the defendant to appear and answer to the information. *** ."; To effect an arrest there must be actual or constructive seizure or detention of the person arrested, or his voluntary submission to custody, and the restraint must be under real or pretended legal authority. Neilson v. State, 599 P.2d 1326, 1979 Wyo. LEXIS 447 (Wyo. 1979), cert. denied, 444 U.S. 1079, 100 S. Ct. 1031, 62 L. Ed. 2d 763, 1980 U.S. LEXIS 755 (U.S. 1980).and Fed. R. Crim. Proc. Rule 41. (Searches and Seizures)The Fourth Amendment requires that warrants issue "upon probable cause, supported by Oath or affirmation." The significance of the oath requirement is "that someone must take the responsibility for the facts alleged, giving rise to the probable cause for the issuance of a warrant." United States ex rel. Pugh v. Pate, 401 F.2d 6 (7th Cir. 1968); See also Frazier v. Roberts, 441 F.2d 1224 (8th Cir. 1971); Wyo. Crim. Proc., Rule 41. Where the claim is that the police have improperly searched or seized something, the claimant must have had a legitimate expectation of privacy as to that thing. Factors to be considered in making this determination include: (1) the precautions taken in order to maintain one's privacy; (2) the likely intent of the drafters of the United States and Wyoming constitutions; (3) the property rights the claimant possessed in the invaded area; and (4) the legitimacy of the individual's possession of or presence in the property which was searched or seized. Parkhurst v. State, 628 P.2d 1369, 1981 Wyo. LEXIS 347 (Wyo.), cert. denied, 454 U.S. 899, 102 S. Ct. 402, 70 L. Ed. 2d 216, 1981 U.S. LEXIS 3986 (U.S. 1981).

U.S. Const. Amendment 5, Rights of Accused in Criminal Proceedings. "No person shall be *** compelled in any criminal case to be a witness against himself, nor deprived of life, liberty, or property, without due process of law; *** ."; Wyo. Const. Art. 1, Section 11. The state constitutional language itself protects an accused's right to silence and the existence of that right does not depend upon Miranda advice. The constitutional right to silence exists at all times: before arrest, at arrest, and after arrest; before a Miranda warning and after it. The right is self-executing. Tortolito v. State, 901 P.2d 387, 1995 Wyo. LEXIS 148 (Wyo. 1995).

U.S. Const. Amendment 9. Reservation of Rights of the People. "The enumeration in the Constitution, of certain rights, shall not be construed to deny, impair, or disparage others retained by the people"; Wyo. Const. Art. 1., Section 36. "The enumeration in this constitution, of certain rights shall not be construed to deny, impair, or disparage others retained by the people."

U.S. Const. Amendment 14. Citizenship Rights Not to Be Abridged by States. "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law."

Wyo. Const. Art.1, Section 6. Due process of law. No Person shall be deprived of life, liberty or property without due process of law. If a person cannot be deprived of life, liberty or property without due process of law, he necessarily must have the right to

protect it. Cross v. State, 370 P.2d 371 (Wyo. 1962). And a person is not to be deprived of his liberty without due process of law. Holm v. State, 404 P.2d 740 (Wyo. 1965).

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.

1) Plaintiff has In the United States Bankruptcy Court for the District of Wyoming., In re: Tami Mae Bronnenberg, Debtor, Randy L. Royal, Trustee of the Bankruptcy Estate of Tami Mae Bronnenberg, Plaintiff, v. Tami Mae Bronnenberg, Defendant., Case No: 17-20201 Chapter 7, Adv. 17-02031., other administrative regarding the acts complained of in Part C.

### E. REQUEST FOR RELIEF.

I believe I am entitled to the following relief::

(A) A declaratory judgment pursuant to 28 USCS §§2201 and 2202, (Wyoming Statutes 1977, §§1-37-101 to 1-37-115), declaring that defendant's acts, polices and practices herein described and complained of violated plaintiff's rights under the United states Constitution and the Wyoming Constitution.

(B) A preliminary and permanent injunction pursuant to the Federal Rules of Civil Procedure, Rule 65, (W.R.C.P., Rule 65; Wyoming Statutes 1977, §§1-28-101 to 111), which:

(i) Prohibits the Defendants, their successors in office, agents, and employees and all other persons in action concert and participation with them from denying plaintiff the United States Constitution, Amendment 4; Wyoming Constitution, Art., 1 Section 4; Federal Rules of Criminal Procedure, Rules 4. (a); Wyoming Rules of Criminal Procedure, Rule 4; Equal Protection Clause and the Due Process Clause secured by the

United States Constitution, Amendment 14 and the Wyoming Constitution, Article 1, §§2,3, 6; Article 6, §1.

(ii)   Prohibit defendants, their successors in office, agents and employees and all other persons in active concert and participation with them from retaliating against plaintiff in any way.

(C)   Demand for jury trial pursuant to Federal Rules of Civil Procedure, Rule 38 (a), (b).

(D)   Compensatory damages for loss pain, suffering, humiliation irreparable injury and the consequences of deprivation or loss of rights in personal, individual, official capacity of the defendants jointly and severally in the amount as the proof may show plus taxation cost, (28 USCS §1915 (e).

(E)   Punitive damages for bad faith and willful actions of the defendants in their personal, individual, official capacity in the amount the court may determine, plus taxation cost, (28 USCS §1915 (e).

(F)   Award plaintiff his cost (28 USCS §1915 (e) and attorney fees, 42 USCS §1988), that attorney be appointed (28 USCS §1915 (d) and such other and further relief that the court deems to be appropriate and just (28 USCS §1615).

DECLARATION UNDER PENALTY OF PERJURY.

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he read the above complaint and that the information contained therein is true and correct. 28 USCS §1746, 18 USCS §1621.

Executed at _____ on January 28, 2018. 2019

Tami Mae Bronnenberg, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify a copy of the forgoing 1983 Civil Right Complaint pursuant to 42 USCS §1983 was mailed or delivered to Beau J. Eggar, Arresting Officer, 4225 Road 2da, Cody, Wyoming 82414-9209; William K. Struemke, Attorney, 2906 Marlisa Ln., Cody, Wyoming 82414-6708; Sara L. Struemke, Secretary, 2906 Marlisa Ln., Cody, Wyoming 82414-6708; Servicm Legal Services, LLC; 1302 Beck Ave., Cody, Wyoming 82414; Marlin D. Richardson, DC; 11 Beacon Dr., Cody, Wyoming 82414; Big Horn Basin Chiropractic; 1620 Beck Ave., Cody, Wyoming 82414; City of Cody; P.O. Box 2200, Cody, Wyoming 82414; Park County Detention Center; 1402 River View Drive, Cody, Wyoming 82414; Board of County Commissioners of the County of Park, 1002 Sheridan Ave., Cody, Wyoming 82414 on January 28 2019.

Tami Mae Bronnenberg, Pro-se